

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*Overruled by supreme court of refd in Martin v. State*

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 26, Texas

Dear Sir:

Opinion No. O-6598
Re: Constitutionality of House
Bill No. 826, 49th Legis-
lature, which makes appro-
priation to pay Judgment
in favor of Mrs. Dora
Martin, et al.

Your request for opinion, which has been considered most carefully by this department, reads as follows:

"The 49th Legislature, Regular Session, passed House Bill No. 826 appropriating State Highway Funds for the purpose of satisfying judgments in favor of Mrs. Dora Martin and her two sons, Buster Martin and Jack Martin, in the sum of $12,500.00 and interest at the rate of six per cent from March 8, 1936, until paid, aggregating a little more than $19,000.00.

"We are now in receipt of certified copies of judgments rendered in Cause numbered 8808 in the District Court of Liberty County, Texas, and styled Mrs. Dora Martin et al vs The State of Texas. There is considerable doubt in the minds of the Highway Commissioners as to the eligibility of these judgments for payment under the provisions of the Constitution of Texas, and I have been directed to submit the claim to you for your opinion and advice as to the proper procedure to pursue under the circumstances. The pertinent facts in the case may be found in 107 S.W. 2d Series on Page 1089. The claim submitted to us by Mr. E. B. Pickett, lawyer at Liberty, Texas, attorney for Mrs. Martin et al is enclosed herewith. Please return them to me with your opinion."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable D. C. Greer, page 2

The Martins were granted permission to bring suit against the State of Texas and/or the Highway Department of the State of Texas by Acts 1935, 44th Legislature, Chapter 217, page 511. The pertinent sections of this Act are as follows:

"Section 1. That Mrs. Dora Martin, individually and as next friend of Hazel Martin, Eunice Martin, Buster Martin and Jack Martin, minors, and Ottis Martin, surviving wife and children of A. J. Martin, deceased, be granted permission to bring suit against the State of Texas and/or the Highway Department of the State of Texas, in any court of competent jurisdiction, for damages for personal injuries received by the said A. J. Martin while on duty in the employ of the Highway Department of the State of Texas, which injuries resulted in the death of the said A. J. Martin.

"Sec. 2. That such suit may be filed in any court of competent jurisdiction in the State of Texas, to-wit: the District Court of Liberty County, at any time within two (2) years from the date this Act takes effect.

"Sec. 3. That such suit upon said cause of action shall be tried and determined in the trial and appellate courts, according to the same rules of law and procedure as to liability and defense that would be applicable if such suit were against an ordinary Texas corporation.

"Sec. 4. That process in such suit may be served upon the Governor of Texas and the Attorney General of Texas and any judgment which may be recovered by reason of the prosecution of this suit shall be payable out of the funds of the Highway Department of the State of Texas.

" . . . . "

Acts 1945, 49th Legislature, Chapter 263, page 410 (House Bill 826) seeks to appropriate out of the State Highway Fund in the State Treasury sums of money to pay the judgment of the District Court of Liberty County, together with 6% interest from March 8, 1936, until paid.

Honorable D. C. Greer, page 3

The Martins' suit was based on the alleged negligence of the Highway Department. The rule is well settled in this State that the State is not liable for the torts or negligence of its officers or agents or servants engaged in the performance of a governmental function, unless it has expressly assumed such liability. It is also well settled that the location, designation, construction and maintenance of State highways by the Highway Department as an agency of the State is a governmental function. State v. McKinney, 76 S.W. (2d) 556; State v. Flowers, 94 S.W. (2d) 193; Brooks v. State, 68 S.W. (2d) 534, error refused; Martin v. State, 88 S.W. (2d) 131, error refused. The doctrine of respondeat superior does not prevail against the sovereign in the necessary employment of public agents. The exemption is based upon the sovereign character of the State and its agencies, and upon the absence of obligation, and not on the ground that no remedy has been provided. See State v. Flowers, supra.

Therefore, the injuries resulting in the death of Martin gave rise to no liability against the State unless the State has expressly assumed such liability. Since there was no general law in effect at the time of this injury assuming such liability, the question arises whether Section 3 of the Act of 1935, quoted above, can be construed as such assumption.

A similar question arose in State Highway Department v. Gorham, 162 S.W.(2d) 934. In disposing of it the Supreme Court said:

"If the Act be construed as a special law, depriving the State of a defense in a particular case, it is unconstitutional, as being violative of Section 3 of the Texas Bill of Rights, which provides that all men shall have equal rights. It is also violative of Article III, Section 56, of our State Constitution, which provides that no local or special law shall be enacted where a general law can be made applicable. 'The purpose of this constitutional inhibition against the enactment of local or special laws is a wholesome one. It is intended to prevent the granting of special privileges and to secure uniformity of law throughout the State as far as possible.' Miller v. El Paso County, 136 Tex. 370, 150 S.W. (2d) 1000, 1001. It certainly was not the intention of the framers of our Constitution that

878

Honorable D. C. Greer, page 4

the State should have certain defences against
some individuals, but not against others similar-
ly situated."

In view of the foregoing, neither the district
court of Liberty County, nor any other court, under any cir-
cumstances, had jurisdiction to render the judgment which
was rendered here, and therefore the judgment is void in
its entirety. The rule has been thus stated by the Supreme
Court in Withers v. Patterson, 27 Tex. 491:

"Orders or judgments which the court has not
the power under any circumstances to make or render
are, of course, null, and, being null, their null-
ity may be asserted in any collateral proceeding
where they are relied on in support of a claim of
right.

". . .

"The case of an administration upon the estate
of a living man has already been given as an exam-
ple of absolute nullity of the proceedings of a
probate court, even where every step has been taken
with perfect regularity; and it is well to bear in
mind that in this case the proceedings of the court
are absolutely null, because the case is not one
upon which the court has the right to deliberate,
and not for any other reason."

Of like effect is Crier v. Cowden, 251 S. W. 822,
writ refused. This case involved a situation where a guardian
applied for permission to exchange her ward's lands for lands
in another county. The court granted the application and the
deeds were exchanged. After the wards came of age, they brought
suit to cancel the guardian's deed and to quiet title. The
court said:

"The deed sought to be canceled is void be-
cause the application of the guardian, the order
of the court, and the approval order, as well as
the deed, show that the probate court had not the
power to authorize the guardian to exchange the
lands of the wards. Therefore the orders were
subject to collateral attack. . . .

Honorable D. C. Greer, page 5

"The guardian is nowhere authorized to exchange the lands of the wards by any statute, so the probate court acted in excess of its jurisdiction. . . . ."

See also Commander v. Bryan, 123 S. W. (2) 1008.

Since the judgment is absolutely void, it cannot constitute a valid claim against the State or the State Highway Funds. Therefore, it is the opinion of this department that House Bill No. 826 is unconstitutional because it is in violation of Article III, Section 44, of the State Constitution.

We return herewith your file on this matter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Arthur L. Moller
Assistant

ALM:db
Enclosure



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN